Matter of the Petition of EDITH N. D. SHERBURNE and RUTHERFORD S. MOORHEAD, to Render and Settle Their Accounts as Executors of the Last Will and Testament of ABBIE E. GRIDLEY, Deceased.

(Surrogate's Court, Kings County, October, 1918.)

**Wills** — what regarded as part of residuary estate — gifts — lapse.

> Where a devise and bequest of the rest, residue and remainder of an estate "including the property bequeathed aforesaid, in case any of the aforesaid legacies shall for any reason lapse" was given to the sister of testatrix, but with a proviso that in the event of the predecease of the sister the estate should be divided between two nieces of the testatrix in equal shares, and said gift to the sister was preceded by a money legacy to her as well as by general legacies of money to divers persons and specific gifts of personal property, in none

of which was there any provision for a gift over, the residuary legatee in the event of a lapse of any general legacy takes the same as a part of the residue.

That which was described in the phrase commencing with the word " including " is grammatically comprised in and regarded as part of the residuary estate.

PROCEEDING upon the judicial settlement of the accounts of executors.

William Hamilton Osborne (Frederick P. Schenck, of counsel), for M. Louise Dexter, residuary legatee.

. Harvey O. Dobson, for executors.

KETCHAM, S.    The particular paragraph of the will, the meaning of which is put in issue, is as follows:

" *Thirteenth.* All the rest, residue and remainder of my estate, both real and personal, wheresoever situated and located, including the property bequeathed aforesaid, in case any of the aforesaid legacies shall for any reason lapse, I give, devise and bequeath to my sister, M. Louise Dexter, of Pasadena, California, absolutely and in fee simple, provided, however, if she shall pre-decease me, then and in that event my residuary estate shall be divided into two equal parts and it is my will and I direct that in such an event one share shall be given to my niece, Edith N. D. Sherbune, of West Springfield, Massachusetts, and the other share shall be given to my niece, Daisy A. Dexter, of Pasadena, California, absolutely and in fee simple, their heirs and assigns forever."

This paragraph was preceded by a gift of $4,000 to the sister named as residuary legatee, as well as by six paragraphs containing general legacies of money to divers persons, and eight paragraphs containing specific gifts of personal property.

· Surrogate's Court, Kings County, October, 1918. [Vol. 104.

In none of these gifts to persons other than the residuary legatee was there any provision for a gift over in case of a lapse.

It is claimed in behalf of the residuary legatee that, in the event of a lapse of any general legacy to a person other than herself, there was a gift over of the lapsed legacy to her.

That which was described in the phrase commencing with the word " including " is grammatically comprised in and regarded as a part of the residue. It is as if the testatrix had said " in the residue which I am about to give, I desire to comprehend any legacy which shall lapse." It would do violence to the language employed to accept the argument that " it is the evident intention of the testatrix that it was the gift that was to include the property bequeathed aforesaid, not that the property bequeathed aforesaid was to be included in the residuary estate." Perhaps that construction, if it were adopted, would not change the result, but, since it is insisted upon as a basis for a finding in behalf of the residuary. legatee, it is important to repeat that it is the residue into which the lapsed legacies are incorporated by the chosen language of the testatrix.

In the gift of a general legacy to the person afterwards named as residuary legatee, there is no additional gift of any lapsed legacy, nor in any of the many paragraphs containing general and specific legacies is there any gift over to the residuary legatee as a substitute in case of the death of the person first named as the legatee. The absence of any words of substitution in case of death among the general or specific legatees acquires significance when it is seen that in the residuary clause there is a substitutionary gift in case of the death of the person first named therein.

The court is not able to escape the conclusion that the only effect of the will is to emphasize the rule of law, that the lasped legacies are to be regarded as a part of the residue.

The decree of distribution will proceed accordingly.

Decreed accordingly.